Exhibit A



FILED
JUN 26 2018
SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

SUPERIOR COURT OF THE STATE OF WASHINGTON
SNOHOMISH COUNTY

| | |
|---|---|
| OCEANGATE INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LOCHRIDGE and CAROLE REID LOCHRIDGE, and the marital community composed thereof,<br><br>Defendants. | NO. 18 2 05651 31<br><br>COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF |

COMES NOW the plaintiff, OceanGate Inc., as and for its Complaint in this matter, states as follows:

**I. PARTIES**

1. Plaintiff OceanGate Inc. is a Washington corporation with is principal place of business in Everett, Washington.

2. Defendants David Lochridge and Carole Reid Lochridge, husband and wife, are residents of Mukilteo, Washington. David Lochridge is a former employee of OceanGate. Upon information and belief, all of the actions and omissions alleged to have been taken by David Lochridge were done for and on behalf of the marital community of David Lochridge and Carole Reid Lochridge.

COMPLAINT - 1

BARRETT & GILMAN
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

## II. JURISDICTION & VENUE

3. This Court has jurisdiction over the parties to and subject matter of this action. Venue is proper herein.

## III. ALLEGATIONS OF FACT

4. OceanGate develops, manufactures and operates manned submersible vessels for commercial, scientific and military projects.

5. Defendant David Lochridge ("Lochridge") is an experienced submersible pilot and diver.

6. Lochridge is a citizen of the United Kingdom.

7. As of late 2014, Lochridge was residing in the United Kingdom and doing business through a company he owned with his wife called DC Underwater Services, Ltd.

8. In December 2014, Lochridge reached out to OceanGate regarding employment opportunities.

9. OceanGate confirmed Lochridge's experience and references, including his prior work for Vulcan Maritime on the Motor Yacht Octopus. As part of its vetting process, OceanGate became aware that Lochridge had signed a non-disclosure agreement with regard to his employment with Vulcan Maritime.

10. In or about May 2015, OceanGate contracted with DC Underwater Services, Ltd., and Mr. Lochridge began working for OceanGate as an independent contractor pursuant to which Lochridge became Director.

11. In addition to independent contractor payments, OceanGate agreed "to proceed to secure necessary documentation and apply for a US worker visa in order to provide [Lochridge] and [his]

BARRETT & GILMAN
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

spouse permission to work in the US legally". OceanGate agreed that it would seek to obtain "permanent resident status via J-1, E-Visa or similar equivalent process and pay for all costs relating to the application enrollment and all associated legal fees" on behalf of the couple.

12. OceanGate agreed to pay $7,500 to Lochridge as re-location expenses for his move from the UK to Washington.

13. OceanGate agreed to reimburse Lochridge for economy travel from the UK to Seattle, Washington for Lochridge and his family members and paid Lochridge Two Thousand One Hundred Sixty and 22/100 Dollars ($2,160.22) for travel expenses incurred by him and his family.

14. From July 1, 2015 through at least January 1, 2016, Lochridge was paid through his company, DC Underwater Services, Ltd., pending approval of his US worker visa.

15. In late 2015 Lochridge's 01 Visa was approved and thereafter issued effective January 27, 2016. This visa was good for three years. Based on Lochridge's assurances regarding his long-term plans, OceanGate incurred additional legal expenses to apply for permanent residency on Lochridge's behalf.

16. Once Lochridge obtain an 01 Visa, OceanGate changed his status from independent contractor to employee. As an employee Lochridge received valuable additional benefits, including without limitation participation in company sponsored health care and retirement plans, and payment by the company of one-half (1/2) of the employment and Medicare taxes previously borne in full by Lochridge as an independent contractor, and payment of unemployment and worker's compensation premiums on his wages, thus making him eligible for these benefits. On February 22, 2016, in furtherance of his change in status from independent contractor to employee, Lochridge executed a document entitled, Employee Intellectual Property Agreement ("Agreement"). Pursuant to the Agreement, Lochridge agreed:

COMPLAINT - 3

BARRETT & GILMAN
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

      a.     To "hold [OceanGate's] confidential information in strict confidence, and not disclose or use it except as authorized by [OceanGate] and for [OceanGate's] benefit"; and

      b.     Not to disparage OceanGate or its business or products.

17.     Each of the obligations set forth in paragraph 17, above, continues after the termination of Lochridge's employment.

18.     The Agreement states that Lochridge's breach will cause OceanGate irreparable harm, and further states that if Lochridge breaches or threatens to breach the Agreement, OceanGate will be entitled to injunctive or other equitable relief as well as money damages.

19.     Upon information and belief, during the course of his employment with OceanGate, Lochridge repeatedly violated the terms of his nondisclosure agreement with Vulcan Maritime, discussing matters related to his employment with Vulcan with other OceanGate employees as casual small talk.

20.     In furtherance of Lochridge's execution of the Agreement, Lochridge was provided with access to highly confidential and proprietary information concerning the Company's development of a five-person manned submersible, formerly known as "Cyclops 2" and now known as "Titan".

21.     Titan is designed to reach depths as great as 4,000 meters and consists of two titanium hemispheres linked by a carbon fiber wound cylinder that is 100 inches long, five feet in diameter and has five-inch-thick walls.

22.     Effective December 22, 2017, Lochridge was awarded United States permanent resident status.

23.     The legal fees associated with the immigration application process for Lochridge and his family totaled $16,267, all of which was paid by OceanGate.

24.     On January 18, 2018, Lochridge forwarded an engineering report he authored, which report was critical of OceanGate's research and development process for the Titan.

BARRETT & GILMAN
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

25. The Titan vessel is being developed and assembled in Washington, but will be owned by a Bahamian entity, will be registered in the Bahamas and current plans are for it to operate outside the territorial waters of the United States.

26. Lochridge is not an engineer and was not hired or asked to perform engineering services on the Titan.

27. Lochridge insisted that his report on the Titan be acted upon. The company called a meeting to discuss his concerns on January 19, 2018. During the meeting, Lochridge repeatedly refused to accept the veracity of information provided by the Company's lead engineer and repeatedly stated he did not approve of OceanGate's research and development plans, insisting, for example that the company should obtain a scan of the hull of Titan's experimental vessel prototype to detect potential flaws rather than relying on acoustic monitoring, despite assurances from OceanGate's engineer that the acoustic monitoring and incremental testing protocol were, in fact, better suited to detect vessel safety issues, if any.

28. At the conclusion of the lengthy meeting, OceanGate's CEO asked Lochridge if he could accept OceanGate's research and development plans for the Titan going forward.

29. Lochridge stated he could not accept OceanGate's research and development plans going forward and as director of marine operations would not authorize any manned tests of Cyclops II without a scan.

30. Based on Lochridge's position, OceanGate terminated his employment.

31. Lochridge promptly returned his laptop computer to OceanGate. Upon examination of the laptop, OceanGate determined that its hard-drive had been scrubbed of all company and other material, strongly suggesting that Lochridge had desired to be fired and had prepared his report and

BARRETT & GILMAN
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

responded to OceanGate during the meeting so as to precipitate his termination. Lochridge retained other property belonging to OceanGate.

32. Upon information and belief, Lochridge has violated the Agreement by:

   a. Discussing OceanGate's confidential information with at least two individuals known to OceanGate; and

   b. Discussing OceanGate's confidential information with representatives of the Occupational Health and Safety Administration when he filed a false report claiming that he was discharged in retaliation for being a whistleblower.

33. Lochridge's newly proclaimed status as a whistleblower stands in marked contrast with his cavalier attitude towards the property of OceanGate and its policies and procedures, as follows:

   a. Recently he was photographed crawling on and around one of the titanium hemispheres for the Cyclops II. These are highly polished metal components, designed to accept clear viewing ports without a gasket and to create a seal that will be waterproof through 4,000 meters in depth. The slightest scratch on the titanium surface would render this $300,000 component worthless. A photograph showing Mr. Lochridge poking his head through the porthole and leaning on the polished surface is attached as Exhibit 1.

   b. In 2016 while inside the Cyclops I submersible of OceanGate, he "mooned" through the large viewing window Tony Nissen and other members of the OceanGate engineering staff through with whom he had been arguing.

BARRETT & GILMAN
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

34. OceanGate re-alleges each of the above allegations as though set forth herein.

35. The Employee Intellectual Property Agreement was executed by Lochridge on February 22, 2016 and is binding upon him.

36. Upon information and belief, Lochridge breached the Agreement by discussing OceanGate's confidential information with at least two individuals known to OceanGate.

37. OceanGate has been irreparably harmed by these breaches and is entitled to injunctive relief and damages (including interest and attorney fees) in an amount to be proven at trial.

### SECOND CAUSE OF ACTION: FRAUD

38. OceanGate re-alleges each of the above allegations as though set forth herein.

39. In July 2015, defendant represented his intention to work indefinitely for OceanGate and negotiated substantial independent contractor payments and subsequent wage payments and benefits.

40. As part of his benefits package, defendant received thousands of dollars of legal services for the purpose of obtaining his permanent resident status, moving expenses and travel expenses.

41. Defendant's representation was material to OceanGate's decision to hire him and to pay for his expenses related to immigration (particularly its decision to apply for permanent resident status on Lochridge's behalf) and re-location to the United States.

42. Within weeks of obtaining his permanent resident status, defendant manufactured a reason to be fired.

43. Upon information and belief Lochridge's stated intention of remaining in OceanGate's employ long-term was false when made.

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

44. Lochridge knew his assurances were false and intended that OceanGate would act upon them and, among other things, procure his permanent resident status.

45. Plaintiff did not know Lochridge's assurances were false.

46. Plaintiff relied on the truth of Lochridge's statements and had a right to do so.

47. Plaintiff suffered damages based upon Lochridge's fraud in an amount to be proven at trial, but which are not less than $23,767 plus interest thereon.

### THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

48. OceanGate re-alleges each of the above allegations as though set forth here.

49. Defendants received a substantial benefit in the form of $16,267 paid on their behalf for legal services crucial to obtaining Lochridge's permanent resident status.

50. This benefit was received by Lochridge at OceanGate's expense.

51. In the circumstances set forth herein, it is unjust for Lochridge to retain this benefit without payment to OceanGate.

### FOURTH CAUSE OF ACTION: CONVERSION

52. OceanGate re-alleges each of the above allegations as though set forth here.

53. Following his termination defendant unlawfully retained certain company property to OceanGate, denying OceanGate possession thereof.

54. OceanGate is entitled to the return of its property and/or damages for its loss in an amount to be proven at trial, plus interest thereon.

### FIFTH CAUSE OF ACTION: INJUNCTIVE RELIEF

55. OceanGate re-alleges each of the above allegations as though set forth here.

56. OceanGate has been irreparably harmed by Lochridge's breach of the nondisclosure agreement through sharing OceanGate's confidential information with at least two (2) third parties.

BARRETT & GILMAN
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

57. Injunctive relief was agreed upon by the parties to the nondisclosure agreement as a necessary remedy for its breach, and OceanGate is entitled thereto.

### SIXTH CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS
### RCW 19.108

58. OceanGate re-alleges each of the above allegations as though set forth here.

59. While employed by OceanGate, Lochridge obtained certain trade secrets, as that term is defined at RCW 19.108.010(4), belonging to OceanGate. Lochridge acquired these trade secrets under circumstances giving rise to a duty to maintain their secrecy and limit their use.

60. Lochridge subsequently misappropriated OceanGate's trade secrets by disclosing and/or using them without OceanGate's express or implied consent in violation of RCW 19.108 *et seq*.

61. OceanGate is entitled to recover damages for the actual loss caused by Lochridge's misappropriation and for any unjust enrichment of Lochridge thereby.

### IV. PRAYER FOR RELIEF

WHEREFORE, plaintiff OceanGate Inc. seeks relief as follows:

1. For entry of judgment in its favor in an amount to be proven at trial but which is not less than $23,767, plus pre-judgment interest thereon;

2. For injunctive relief prohibiting Lochridge from disseminating OceanGate's confidential information;

3. For attorneys' fees and costs incurred herein as authorized by the parties' Agreement;

4. For return of all OceanGate property retained by the defendant; and

5. For such other and further relief as the Court may deem just and equitable.

//

//

BARRETT & GILMAN
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

DATED this 25 day of June, 2018.

BARRETT & GILMAN

By _____
Thomas Gilman, WSBA #8432
Counsel for OceanGate Inc.

COMPLAINT - 10

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

FILED
JUN 26 2018
SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

SUPERIOR COURT OF THE STATE OF WASHINGTON
SNOHOMISH COUNTY

| | |
|---|---|
| OCEANGATE INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LOCHRIDGE and CAROLE REID LOCHRIDGE, and the marital community composed thereof,<br><br>Defendants. | NO. 18 2 05651 31<br><br>DECLARATION RE PERSONAL SERVICE OUTSIDE THE STATE (RCW 4.28.185(4)) RE DAVID LOCHRIDGE AND CAROL REID LOCHRIDGE |

THOMAS L. GILMAN declares as follows:

1. I am one of the attorneys representing the plaintiff, OceanGate Inc., in this action. I have personal knowledge of the facts set forth below and am competent to testify to these facts in court if called upon to do so.

2. The defendant, David Lochridge, is a former employee of plaintiff who at the time resided in Washington State. We attempted to serve the defendant at his last known address in Washington, but the process server was told by the occupant that Mr. Lochridge had moved. OceanGate Inc. reviewed its payroll service records and noted that Mr. Lochridge submitted a forwarding address to the payroll service with a Texas address.

DECLARATION RE PERSONAL SERVICE OUTSIDE THE STATE - 1

BARRETT & GILMAN
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

3. Based on the above, I determined that service on Mr. Lochridge cannot be made within the State of Washington.

Signed at Seattle, Washington this 25th day of June, 2018.

_____
THOMAS L. GILMAN

DECLARATION RE PERSONAL SERVICE OUTSIDE THE STATE - 2

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900



**FILED**
JUN 26 2018
SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

**CIVIL**
SNOHOMISH COUNTY SUPERIOR COURT
Case Information Cover Sheet (CICS)

Case Number: 18 2 05651 31     Case Title: OCEANGATE INC. v. LOCHRIDGE

Attorney Name: THOMAS L. GILMAN     Bar Membership Number: 8432

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

| | | | | | |
|---|---|---|---|---|---|
| ☐ | ABJ | Abstract of Judgment | ☐ | PRG | Property Damage – Gangs |
| ☐ | ALR | Administrative Law Review | ☐ | PRP | Property Damages |
| ☐ | ALRJT | Administrative Law Review-Jury Trial (L&I) | ☐ | QTI | Quiet Title |
| ☐ | CRP | Petition for Certificate of Restoration of Opportunity | ☐ | RDR | Relief from Duty to Register |
| ☐ | CHN | Non-Confidential Change of Name | ☐ | RFR | Restoration of Firearm Rights |
| ☐ | COL | Collection | ☐ | SDR | School District-Required Action Plan |
| ☐ | CON | Condemnation | ☐ | SPC | Seizure of Property-Commission of Crime |
| ☒ | COM | Commercial | ☐ | SPR | Seizure of Property-Resulting from Crime |
| ☐ | DOL | Appeal Licensing Revocation | ☐ | STK | Stalking Petition |
| ☐ | DVP | Domestic Violence | ☐ | SXP | Sexual Assault Protection |
| ☐ | EOM | Emancipation of Minor | ☐ | TAX | Employment Security Tax Warrant |
| ☐ | FJU | Foreign Judgment | ☐ | TAX | L & I Tax Warrant |
| ☐ | FOR | Foreclosure | ☐ | TAX | Licensing Tax Warrant |
| ☐ | FPO | Foreign Protection Order | ☐ | TAX | Revenue Tax Warrant |
| ☐ | HAR | Unlawful Harassment | ☐ | TMV | Tort – Motor Vehicle |
| ☐ | INJ | Injunction | ☐ | TRJ | Transcript of Judgment |
| ☐ | INT | Interpleader | ☐ | TTO | Tort – Other |
| ☐ | LCA | Lower Court Appeal – Civil | ☐ | TXF | Tax Foreclosure |
| ☐ | LCI | Lower Court Appeal – Infractions | ☐ | UND | Unlawful Detainer – Commercial |
| ☐ | LUPA | Land Use Petition Act | ☐ | UND | Unlawful Detainer – Residential |
| ☐ | MAL | Other Malpractice | ☐ | VAP | Vulnerable Adult Protection Order |
| ☐ | MED | Medical Malpractice | ☐ | VVT | Victims of Motor Vehicle Theft-Civil Action |
| ☐ | MHA | Malicious Harassment | ☐ | WDE | Wrongful Death |
| ☐ | MSC2 | Miscellaneous – Civil | ☐ | WHC | Writ of Habeas Corpus |
| ☐ | MST2 | Minor Settlement – Civil (No Guardianship) | ☐ | WMW | Miscellaneous Writs |
| ☐ | PCC | Petition for Civil Commitment (Sexual Predator) | ☐ | WRM | Writ of Mandamus |
| ☐ | PFA | Property Fairness Act | ☐ | WRR | Writ of Restitution |
| ☐ | PIN | Personal Injury | ☐ | WRV | Writ of Review |
| ☐ | PRA | Public Records Act | ☐ | XRP | Extreme Risk Protection Order |

IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.

Please Note: Public information in court files and pleadings may be posted on a public Web site.