UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OCEANGATE INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LOCHRIDGE and CAROLE REID LOCHRIDGE, and the marital community composed thereof,<br><br>Defendants. | No. 2:18-cv-01083 RAJ<br><br>**DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendants/Counterclaim Plaintiffs David Lochridge and Carole Reid Lochridge (hereafter "Defendants"), through their undersigned counsel of record, admit, deny and allege as follows:

**I. PARTIES**

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Defendants admit they are lawful permanent residents in the United States, and that David

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 1 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Lochridge is a former employee of OceanGate. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

## II. JURISDICTION & VENUE

3. In response to the allegations contained in Paragraph 3 of the Complaint, Defendants admit that jurisdiction and venue are proper.

## III. ALLEGATIONS OF FACT

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint, and aver that David Lochridge reached out to OceanGate because OceanGate was actively recruiting.

9. Upon information and belief, Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. In response to the allegations contained in Paragraph 16 of the Complaint, Defendants admit the first two sentences. With respect to the remaining, Defendants admit that David Lochridge signed an Employee Intellectual Property Agreement on February 22, 2016,

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 2 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

but denies that it was properly executed or in furtherance of his change from independent contractor to employee. All remaining allegations are denied.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. In response to the allegations contained in Paragraph 18 of the Complaint, Defendants aver that the document speaks for itself, including any obligations or limitations thereunder, but Defendants deny the enforceability of said document and any relief thereunder.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. In response to the allegations contained in Paragraph 20 of the Complaint, the allegations contain legal conclusions within the meanings of highly confidential and proprietary information, and Defendants therefore deny the same. Defendants deny that any disclosures were made in furtherance of the Agreement, and deny all remaining allegations.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Upon information and belief, Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. In response to the allegations contained in Paragraph 24 of the Complaint, Defendants admit that he submitted an "OceanGate Cyclops 2 Quality Control Inspection Report" on January 18, 2018, that David Lochridge authored at the request of OceanGate's Chief Executive Officer, Stockton Rush. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore deny the same.

26. In response to the allegations contained in Paragraph 26, Defendants admit that David Lochridge is not an engineer and was not hired to perform engineering services, but as

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 3 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   part of his job duties, he was hired to ensure the safety of all crew and clients during submersible and surface operations.

27. In response to the allegations contained in Paragraph 27 of the Complaint, Defendants admit that the company called a meeting on January 19, 2018, to discuss the safety concerns that David Lochridge documented in his January 18, 2018 OceanGate Cyclops 2 Quality Control Inspection Report. Defendants admit that David Lochridge again expressed concerns at the January 19, 2018 meeting regarding the quality control and safety of the Titan, particularly OceanGate's refusal to conduct critical, non-destructive testing of the experimental design of the hull. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint, and aver that David Lochridge objected to OceanGate's and its CEO's deviation from the original plan to conduct non-destructive testing and unmanned pressure testing.

29. In response to the allegations contained in Paragraph 29 of the Complaint, Defendants admit that David Lochridge disagreed with OceanGate's position to dive the submersible without any non-destructive testing to prove its integrity, and to subject passengers to potential extreme danger in an experimental submersible. Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint, and aver that OceanGate summarily terminated David Lochridge's employment because he raised critical safety concerns regarding OceanGate's experimental and untested design of the Titan.

31. In response to the allegations contained in Paragraph 31 of the Complaint, Defendants admit that David Lochridge promptly returned his OceanGate laptop. Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint.

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 4 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint, including subparts a and b.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

    a. In response to the allegations contained in subpart a of Paragraph 33 of the Complaint, Defendants admit that David Lochridge was directed by the Chief Executive Officer, Stockton Rush, to test the exits to assess whether alternate escape plans were needed in the event the main hatch was unable to open, and the attached photograph was taken during said testing. Defendants deny the remaining allegations contained in subpart a of Paragraph 33 of the Complaint.

    b. In response to the allegations contained in subpart b of Paragraph 33 of the Complaint, Defendants admit David Lochridge partially "mooned" some members of OceanGate staff in jest. Defendants deny the remaining allegations contained in subpart b of the Complaint.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

34. The allegations contained in Paragraph 34 are not directed to Defendants, and thus no response is required. To the extent a response is required, Defendants deny the same.

35. In response to the allegations contained in Paragraph 35, Defendants admit David Lochridge signed an Employee Intellectual Property Agreement on February 22, 2016, and deny that said document was "executed" or that it was binding.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

### SECOND CAUSE OF ACTION: FRAUD

38. The allegations contained in Paragraph 38 are not directed to Defendants, and

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 5 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

thus no response is required.  To the extent a response is required, Defendants deny the same.

39. In response to the allegations contained in Paragraph 39, Defendants admit that David Lochridge desired to work indefinitely for OceanGate, and negotiated and received payments as an independent contractor, and then payments and benefits as an employee. Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and therefore deny the same.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and therefore deny the same.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

### THIRD CAUSE OF ACTION:  UNJUST ENRICHMENT

48. The allegations contained in Paragraph 48 are not directed to Defendants, and thus no response is required.  To the extent a response is required, Defendants deny the same.

49. Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

### FOURTH CAUSE OF ACTION:  CONVERSION

52. The allegations contained in Paragraph 52 are not directed to Defendants, and thus no response is required.  To the extent a response is required, Defendants deny the same.

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 6 (CASE NO. 2:18-cv-01083 RAJ)

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

**FIFTH CAUSE OF ACTION: INJUNCTIVE RELIEF**

55. The allegations contained in Paragraph 55 are not directed to Defendants, and thus no response is required. To the extent a response is required, Defendants deny the same.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

**SIXTH CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS RCW 19.108**

58. The allegations contained in Paragraph 58 are not directed to Defendants, and thus no response is required. To the extent a response is required, Defendants deny the same.

59. The allegations contained in Paragraph 59 constitute a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the same.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

**IV. PLAINTIFF'S PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief does not contain factual allegations to which an answer is required. To the extent an answer is required, Defendants deny that Plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

By way of further Answer, and under penalty of waiver, Defendants assert the following in good faith to preserve these affirmative defenses:

1. The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause or claim upon which relief can be granted;

2. Plaintiff may have failed to mitigate its damages, if any;

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 7 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

3. That at all times relevant hereto, Defendants' actions have been consistent with and pursuant to the rights and obligations under the terms of the Employee Intellectual Property Agreement;

4. Plaintiff has unclean hands;

5. To the extent Plaintiff owned any trade secrets within the meaning of RCW 19.108 *et seq.*, Plaintiff may not have taken reasonable efforts to maintain the secrecy of the same and/or they may have been readily ascertainable;

6. Defendants' second employment contract was signed under duress;

7. Plaintiff should be barred from recovery because its actions in terminating Defendants was contrary to public policy;

8. The contracts or agreements in question lack consideration and are unenforceable; and

9. Defendants reserve the right to assert additional defenses, and to amend their defenses upon further particularization of Plaintiff's claims, or upon further discovery of information concerning Plaintiff's claims.

## **COUNTER-CLAIM**

Defendants/Counterclaim Plaintiffs David Lochridge and Carole Reid Lochridge (collectively "Defendants"), by and through their undersigned attorneys, respectfully alleges as follows:

### **I. PARTIES**

1. OceanGate, Inc. is a Washington corporation doing business in the state of Washington.

2. Defendants are citizens of the United Kingdom.

### **II. JURISDICTION AND VENUE**

3. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1332 because the

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 8 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs or interest.

## III. FACTUAL BACKGROUND

4.   Defendant David Lochridge (hereafter "Lochridge") has extensive background as a submarine pilot and training of the same, including as a qualified CSWIP 3.4U Underwater Inspector, and trained to recognize flaw and points of failure in subsea equipment.

5.   In or about May 2015, Lochridge began working with OceanGate as an independent contractor. Lochridge relied on OceanGate's representations that it would sponsor and help Lochridge and his family obtain visa status to legally work and live in the United States.

6.   Based on OceanGate's representations, Lochridge uprooted his family and his entire life in Scotland to move to the United States and reside in Washington State.

7.   As a part of his job duties, Lochridge was the Director of Marine Operations and was tasked with "ensuring the safety of all crew and clients during submersible and surface operations."

8.   OceanGate was in the process of developing an experimental submersible named Cyclops 2 or the "Titan." The Titan utilized carbon fiber, rather than a metallic composition, in its hull. OceanGate intended the experimental Titan to carry passengers and dive to extreme depths of 4,000 meters—a depth never before reached by an OceanGate manned submersible composed of carbon fiber.

9.   OceanGate held a meeting at its facility in Everett, Washington to discuss the imminent handover of the Titan from the Engineering department to Lochridge's Operations department. In attendance were the Engineering Director, Engineering Manager, Electrical and Electronic leads, the Director of Operations, the Chief Executive Officer, and Lochridge (the

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 9 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Director of Marine Operations).

10. Issues of quality control with the new submersible Titan were raised, as there were evident flaws throughout the build process that several individuals had expressed concerns over to the Engineering Director. The Chief Executive Officer, Stockton Rush, asked Lochridge to carry out a Quality Inspection before the handover of the submersible Titan. Mr. Rush selected Lochridge because Lochridge had the most experience working with submersibles and stated he was "the best man for the job."

11. Over the course of the next several days, Lochridge worked on his report and requested paperwork from the Engineering Director regarding the viewport design and pressure test results of the viewport for the Titan, along with other key information. Lochridge was met with hostility and denial of access to the necessary documentation that should have been freely available as a part of his inspection process.

12. Lochridge first expressed verbal concerns over the safety and quality control issues regarding the Titan to OceanGate executive management. These verbal communications were ignored.

13. Lochridge issued his OceanGate Cyclops 2 Quality Control Inspection Report ("Inspection Report") on January 18, 2018. The preamble to the Inspection Report states:

> With Cyclops 2 (Titan) being handed off from Engineering to Operations in the coming weeks, now is the time to properly address items that may pose a safety risk to personnel. Verbal communication of the key items I have addressed in my attached document have been dismissed on several occasions, so I feel now I must make this report so there is an official record in place.

14. In the Inspection Report, Lochridge identified numerous issues that posed serious safety concerns, and offered corrective action and recommendations for each.

15. Lochridge primarily expressed concern regarding the lack of non-destructive testing performed on the hull of the Titan. Lochridge was repeatedly told that no scan of the

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS – 10 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

hull or Bond Line could be done to check for delaminations, porosity and voids of sufficient adhesion of the glue being used due to the thickness of the hull. Lochridge was told that no form of equipment existed to perform such a test, and OceanGate instead would rely solely on their acoustic monitoring system that they were going to install in the submersible to detect the start of hull break down when the submersible was about to fail.

16. Lochridge again expressed concern that this was problematic because this type of acoustic analysis would only show when a component is about to fail—often milliseconds before an implosion—and would not detect any existing flaws prior to putting pressure onto the hull.

17. Given the prevalent flaws in the previously tested 1/3 scaled model, and the visible flaws in the carbon end samples for the Titan, Lochridge again stressed the potential danger to passengers of the Titan as the submersible reached extreme depths. The constant pressure cycling weakens existing flaws resulting in large tears of the carbon. Non-destructive testing was critical to detect such potentially existing flaws in order to ensure a solid and safe product for the safety of the passengers and crew.

18. Immediately following issuance of the Inspection Report, OceanGate called a meeting the following day on January 19, 2018. In attendance was the Chief Executive Officer, the Human Resources Director, Bonnie Carl, the Engineering Director, Tony Nissen, the Operations Director, Scott Griffith, and the Director of Marine Operations, Lochridge.

19. At the meeting, Lochridge discovered why he had been denied access to the viewport information from the Engineering department—the viewport at the forward of the submersible was only built to a certified pressure of 1,300 meters, although OceanGate intended to take passengers down to depths of 4,000 meters. Lochridge learned that the viewport manufacturer would only certify to a depth of 1,300 meters due to the experimental design of the

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS – 11 (CASE NO. 2:18-cv-01083 RAJ)

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

viewport supplied by OceanGate, which was out of the Pressure Vessels for Human Occupancy ("PVHO") standards. OceanGate refused to pay for the manufacturer to build a viewport that would meet the required depth of 4,000 meters.

20. The paying passengers would not be aware, and would not be informed, of this experimental design, the lack of non-destructive testing of the hull, or that hazardous flammable materials were being used within the submersible.

21. Lochridge again expressed concerns regarding the quality control and safety issues relating to the Titan, as outlined in his Inspection Report, and insisted that OceanGate perform non-destructive testing on the experimental hull. Lochridge also strongly encouraged that OceanGate utilize a classification agency, such as the American Bureau of Shipping, to inspect and certify the Titan.

22. Rather than address his concerns or undergo corrective action to rectify and ensure the safety of the experimental Titan, or utilize a standard classification agency to inspect the Titan, OceanGate did the exact opposite—they immediately fired Lochridge. OceanGate gave Lochridge approximately 10 minutes to immediately clear out his desk and exit the premises.

## IV. FIRST CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

23. Defendants incorporate by reference all prior allegations as if fully set forth herein.

24. Lochridge repeatedly alerted OceanGate via verbal communications and his Inspection Report of serious quality control and safety concerns regarding the experimental Titan, including but not limited to, his concerns regarding the lack of non-destructive testing on

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 12 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

the design of the hull that is critical to passenger safety.

25. As is standard across the industry, many companies use a classification agency, such as the American Bureau of Shipping, to inspect and certify submersibles prior to releasing them for use. The American Bureau of Shipping, like other classification agencies, have an "ABS Rules and Guides" that is utilized to ensure the submersibles pass quality assurance tests and satisfy industry-standard safety controls.

27. Lochridge repeatedly urged OceanGate to perform non-destructive testing and to use a classification agency to inspect the experimental Titan. OceanGate refused both requests, and stated it was unwilling to pay for a classification agency to inspect its experimental design.

26. Washington has a clear and articulated public policy of protecting whistleblowers and those who refuse to commit an illegal act.

28. Rather than addressing Lochridge's concerns, OceanGate instead summarily terminated Lochridge's employment in efforts to silence Lochridge and to avoid addressing the safety and quality control issues.

29. Discouraging whistleblowers from coming forth with quality control issues and safety concerns that threaten the safety of innocent passengers would undermine and jeopardize the public policy, and put innocent passengers at increased risk.

30. Lochridge was in good-standing as an employee prior to his Inspection Report, and was immediately terminated as a result of the same.

31. OceanGate has no overriding justification for Lochridge's termination.

32. Lochridge, who uprooted his entire family to move across the world based on

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 13 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

OceanGate's representations to him and his employment with the same, has been damaged by his wrongful termination in an amount to be proven at trial.

### DEFENDANTS' PRAYER FOR RELIEF

A. That Plaintiff's Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendants;

B. That Defendants be awarded damages in an amount to be determined at trial;

C. That Defendants be awarded their attorneys' fees and costs; and

D. That Defendants be awarded such other and further relief as the Court deems just and proper.

DATED this 15th day of August, 2018.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
Jordann Hallstrom, WSBA No. 48036
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600 Phone
((206) 625-0900 Fax
bmarksdias@corrcronin.com
jhallstrom@corrcronin.com

*Attorneys for Defendants David Lochridge and Carole Reid Lochridge*

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 14 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# DECLARATION OF SERVICE

The undersigned declares as follows:

1. I am employed at Corr Cronin LLP, attorneys for Defendants David Lochridge and Carole Reid Lochridge.

2. On this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas L. Gilman<br>Barrett & Gilman<br>1000 Second Avenue, Suite 3000<br>Seattle, WA 98104<br>Phone: (206) 464-1900<br>Fax: (206) 471-7798<br>Email: tgilman@bgseattle.com | ☒ Via ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via electronic mail |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 15th day of August, 2018, at Seattle, Washington.

*s/ Christy A. Nelson*
Christy A. Nelson

DEFENDANT/COUNTERCLAIM PLAINTIFFS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS – 15 (CASE NO. 2:18-cv-01083 RAJ)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900