Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

OCEANGATE INC.,

    Plaintiff,

v.

DAVID LOCHRIDGE and CAROLE REID LOCHRIDGE, and the marital community composed thereof,

    Defendants.

NO. 2:18-CV-01083-RAJ

JOINT STATUS REPORT AND DISCOVERY PLAN

Pursuant to FRCP 26(f), Local Civil Rule 26(f) and the Court's Order Regarding FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report the parties hereby submit this Joint Status Report and Discovery Plan.

1.     <u>Nature and Complexity of the Case</u>. Plaintiff OceanGate, Inc., develops, manufactures and deploys manned submersible vessels. Defendant David Lochridge is a submersible pilot. This action arises from the employment relationship between OceanGate (the employer) and Lochridge (the employee). OceanGate's causes of action include but are not limited to the alleged breach of a confidentiality agreement, alleged misappropriation of trade secrets and alleged fraud (OceanGate asserts that it relied upon Lochridge's misrepresentations in agreeing to assume the costs of applying for and obtaining permanent resident status for and on behalf of Lochridge). Lochridge

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

denies plaintiffs' allegations and has asserted a counterclaim alleging wrongful termination in violation of public policy (Lochridge asserts that he was fired in retaliation for raising legitimate safety concerns). The parties do not believe this case is particularly complex with the possible exception that the trade secret claims and OceanGate's reasons for terminating Lochridge's employment hinge on industry specific engineering and safety issues.

2. Proposed Deadline for Joining Additional Parties. Plaintiff recently learned that Lochridge may be working for a competitor in violation of his agreement with the plaintiff. Plaintiff has requested additional information concerning Lochridge's current employment, if any, to be produced with the initial disclosures. Plaintiff proposes a deadline of September 30, 2018 to add new parties or amend its complaint.

3. Agree to Assignment to Magistrate Judge? No.

4. Agreed Discovery Plan.

A. Exchange of Initial Disclosures. The parties agree to exchange initial disclosures no later than September 12, 2018.

B. Subjects, Timing and Potential Phasing of Discovery. The parties do not believe that discovery will be complex or require Phasing.

C. Electronically Stored Information. This case should not involve extensive ESI. The parties have agreed that they will produce electronic documents in a word-searchable format and that meta data will be requested on a document-specific basis.

D. Privilege Issues. None known.

E. Proposed Limitations on Discovery. None.

JOINT STATUS REPORT AND DISCOVERY PLAN - 2

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

    F. <u>The Need for Any Discovery Related Orders</u>.  Some discoverable material may contain trade secrets or proprietary information.  The parties have agreed on the form of a proposed Protective Order (attached).

  5. <u>Proposals and Agreements re Items Listed in Local Rule 26(f)(1)</u>.

    A. <u>Prompt Case Resolution</u>.  The parties currently have no proposal for promptly settling or otherwise resolving the case but remain open to the possibility of settlement and will revisit the issue after exchanging their initial disclosures.

    B. <u>Alternative Dispute Resolution</u>.  The parties agree that engaging in ADR prior to exchange of the initial disclosures is unlikely to be productive.  The parties will revisit the issue after September 12, 2018.

    C. <u>Related Cases</u>.  There are no related cases before this court or in any other jurisdiction.

    D. <u>Discovery Management</u>.  The parties have agreed to the date for initial disclosures, the method of producing emails and to cooperate with regard to those documents, if any, for which a party requests meta data.  In addition, the parties have agreed to the proposed form of Protective Order.  In general, the parties do not foresee the need for extensive discovery and thus have not entered into any agreements to limit depositions or other discovery methods.  The parties agree to submit discovery disputes to the court by informal means.

    E. <u>Anticipated Discovery Sought</u>.  Plaintiff intends to take the deposition of Mr. and Mrs. Lochridge, Mr. Lochridge's current employer (if any), one or more of his current co-workers and any persons upon whom Lochridge relies for his contention in paragraph 16 of his counterclaims, or other claims relating to defects in the design, manufacture or testing procedures for plaintiff's submersible vehicle.  Plaintiffs may also depose or to seek discovery from Peggy J. Cashion (from

JOINT STATUS REPORT AND DISCOVERY PLAN - 3

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

whom Lochridge purchased a home in Texas that closed on January 11, 2018), Karyl Bellares of JP Morgan Chase (who is a mortgage banker employed by JP Morgan Chase in Seattle Washington who it is believed worked on this transaction), RE Max The Woodlands in The Woodlands Texas (who was involved in sale of a Texas residence to Lochridge), as well as colleagues of Mr. Lochridge in the submersible vehicle industry, including Mark Taylor (M/V Alucia), Harvey Fleming, Patrick Leahy, Debbie Ellison, Eric Hasselman, Robert Carmichael, William Kohnen, Julie Beales and Glenn Dalby. Defendant intends to depose: Stockton Rush, former HR Director Bonnie Carl, one or more present and former OceanGate employees, and any persons upon whom OceanGate relies for its contentions.

  F. <u>Phasing of Motions</u>.  Dispositive motions, if any, will be noted for hearing no later than June 14, 2019.

  G. <u>Preservation of Discoverable Information</u>.  The parties are cognizant of their respective obligations to preserve discoverable information and neither side anticipates any particular issue with this.

  H. <u>Privilege Issues</u>.  The parties agree and request entry of a court order that no privilege or protection is waived by inadvertent disclosure under the circumstances described in Rule 502(b) of the Federal Rules of Evidence.

  I. <u>Model Protocol for Discovery of ESI</u>.  The parties do not believe that entry of the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation is necessary or appropriate in this case. *See* § 4(c), above.

  J. <u>Alternatives to Model Protocol</u>.  The parties believe the agreements set forth in § 4(c), above, are sufficient to address issues (if any) that may arise regarding ESI.

  6. <u>Discovery Cut-Off</u>.  All discovery shall be complete by April 26, 2019.

  7. <u>Bifurcation</u>.  The parties do not believe bifurcation is necessary.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

8. <u>Individualized Trial Program / ADR</u>.  The parties will consider and discuss whether to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Rule 39.1 after exchanging their initial disclosures.

9. <u>Other Suggestions for Shortening or Simplifying the Case</u>.  None.

10. <u>Trial Date</u>.  The case will be ready for trial by August 26, 2019.

11. <u>Jury / Non-Jury</u>.  A jury demand has been filed.

12. <u>Trial Days</u>.  The parties believe 3 trial days will be necessary.

13. <u>Trial Counsel</u>.

| Plaintiff's Counsel: | Defendants' Counsel: |
|---|---|
| Thomas L. Gilman | Blake Marks-Dias |
| Barrett & Gilman | Jordann M. Hallstrom |
| 1000 Second Ave., Ste. 3000 | Corr Cronin LLP |
| Seattle WA 98104 | 1001 4th Ave., Suite 3900 |
| 206-464-1900 | Seattle WA 98154 |
|  | 206-625-8600 |

14. <u>Trial Counsels' Conflicts</u>.  Plaintiff's counsel may have complications to be considered in setting a trial date on the following days: September 2019.  Defendant's counsel may have complications to be considered in setting a trial date on the following days: October 2019.

15. <u>Corporate Disclosure Statement</u>.  OceanGate, Inc., filed a corporate disclosure statement pursuant to FRCP 7.1 and LCR 7.1 on July 30, 2018.

16. <u>Service on all Defendants</u>.  All defendants have been served.

//

JOINT STATUS REPORT AND DISCOVERY PLAN - 5

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900

DATED this 29th day of August, 2018

| BARRETT & GILMAN | CORR CRONIN, LLP |
|---|---|
| By    s/Thomas L. Gilman<br>Thomas L. Gilman, WSBA #8432<br>1000 Second Ave., Suite 3000<br>Seattle WA 98104<br>(206) 464-1900 Phone<br>(888) 471-7798 Fax<br>tgilman@bgseattle.com<br>Counsel for Plaintiff | By    s/Blake Marks-Dias<br>Blake Marks-Dias, WSBA #28169<br>Jordann Hallstrom, WSBA # 48036<br>1001 4th Ave., Suite 3900<br>Seattle WA 98154<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>bmarksdias@corrcronin.com<br>jhallstrom@corrcronin.com<br>Counsel for Defendants |

1443 00001 ih28330882

JOINT STATUS REPORT AND DISCOVERY PLAN - 6

**BARRETT & GILMAN**
Attorneys at Law
1000 Second Avenue, Suite 3000
Seattle, WA 98104
(206) 464-1900